**FILED**

## IN THE UNITED STATES DISTRICT COURT IN
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NOV X 8 2007
Nov. 6, 2007
MICHAEL W. DORBINS

| | |
|---|---|
| DARIUS TAYLOR, VANCE ESTES, PARISH STEWART, WILLIE WARE, JAMES BARBER, and KEVIN STEELE<br>Plaintiff, | ) ) ) ) ) | 07CV6292<br>JUDGE GUZMAN<br>MAG. JUDGE VALDEZ |

vs.                                                )        COMPLAINT FOR VIOLATION
                                                   )        OF CIVIL RIGHTS
Sheriff of Cook County and Cook County, Illinois   )
                                                   )        JURY DEMANDED
        Defendants,                                )

Plaintiff alleges:

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].   This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.    At all times herein mentioned, plaintiff DARIUS TAYLOR was and is a citizen of the United States, and was within the jurisdiction of this court.

4.    At all times herein mentioned, plaintiff VANCE ESTES was and is a citizen of the United States, and was within the jurisdiction of this court.

5.    At all times herein mentioned, plaintiff PARISH STEWART was and is a citizen of the United States, and was within the jurisdiction of this court.

1

6.     At all times herein mentioned, plaintiff WILLIE WARE was and is a citizen of the United States, and was within the jurisdiction of this court.

7.     At all times herein mentioned, plaintiff JAMES BARBER was and is a citizen of the United States, and was within the jurisdiction of this court.

8.     At all times herein mentioned, plaintiff KEVIN STEELE was and is a citizen of the United States, and was within the jurisdiction of this court.

9.     At all times herein mentioned, COOK COUNTY, ILLINOIS ("COOK COUNTY") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times herein mentioned Cook County owned, operated, and maintained Cermak Health Services of Cook County inside the Cook County Jail.

10.    At all times herein mentioned, the SHERIFF OF COOK COUNTY, is an independently elected official in Cook County and is responsible for maintaining and operating the Cook County Department of Corrections which oversees the operation of the Cook County Jail. The Sheriff has final policymaking authority over Cook County Jail.

## FACTUAL ALLEGATIONS

11.    TAYLOR, ESTES, STEWART, WARE, BARBER, and STEELE are former inmates of the Cook County Jail who were subjected to a screening test for sexually transmitted diseases during the intake process at Cook County Jail.

12.    The class action was/is pending in the Northern District of Illinois, Eastern Division, is assigned case number 06 C 493, and was/is pending before Judge Coar.

13.    On or about December 14, 2006, Judge Coar certified a class made up of: "All male prisoners at the Cook County Jail who, on and after January 27, 2004 was [sic] subjected to the non consensual insertion of a swab into his penis as part of his admission to the jail."

2

14.    Plaintiffs exercised their right to opt-out of the class action in or about October, 2007.

15.    The screening test for sexually transmitted diseases subjected TAYLOR, ESTES, STEWART, WARE, BARBER, and STEELE to the non-consensual insertion of a swab into his penis. This process is hereinafter referred to as "the procedure"

16.    The insertion of a swab into each plaintiff's penis unreasonably invaded his privacy, constituted an unauthorized medical procedure, and caused plaintiffs injury and/or discomfort.

17.    Each of the plaintiffs was subjected to this procedure on at least one occasion on or after January 27, 2004.

18.    None of the plaintiffs gave valid consent to be subjected to this procedure, as any consent given under circumstances that were so coercive as to render any such consent involuntary and invalid.

19.    The insertion of a swab into each plaintiff's penis unreasonably invaded his privacy, was an unconstitutional search or invasion of privacy in violation of plaintiffs' rights under the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

20.    Plaintiffs were subjected to this procedure as part of formal policy of the Sheriff of Cook County and/or Cermak Health Services of Cook County. In the alternative, the procedure was part of a practice by the Sheriff of Cook County and/or Cermak Health Services of Cook County that was permanent, well-settled, widely adopted, and otherwise part of any established pattern and practice. Specifically, employees of Cook County's Cermak Health Services carried out the procedure while the Sheriff's deputy's/correctional officers followed a policy of facilitating the procedure. The procedure could not have been carried out without the assistance and/or coercion by the Sheriff's deputy's/correctional officers. That is, the Sheriff's deputies/correctional officers

knew about, facilitated, approved, and condoned of the procedure being performed. Therefore, the Sheriff was a moving force behind the procedure in that his staff carried out a policy, practice, and/or custom of aiding in the timing, logistics, safety, and physical security necessary to allow and/or coerce performance of the procedure by employees of Cermak Health Services of Cook County.

21.    There was no compelling need to subject plaintiffs to this procedure.

22.    There was no law enforcement need to subject plaintiffs to this procedure.

23.    The procedure was not performed in response to a particular threat posed by any disease outbreak at Cook County Jail or in the public at large.

24.    When performing the procedure on inmates the defendants failed to distinguish in their record keeping between inmates who had been tested and those who had not been tested.

25.    On some occasions employees of defendants did not administer the procedure to some inmates because there was a lack of resources.

26.    Defendants no longer perform the procedure at Cook County Jail.

27.    When the procedure was performed it was done with a minimal amount, if any, privacy relying solely on the use of an ineffective privacy screen that failed to block the sight lines of other prisoners standing nearby.

28.    The procedure was performed in an area that was generally noisy and congested.

29.    The procedure was performed in order to learn whether plaintiffs carried sexually transmitted diseases.

30.    Defendants could have learned whether plaintiffs carried sexually transmitted diseases through a less invasive urine analysis.

4

31.    By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

32.    The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of damages in an amount to be ascertained according to proof at the time of trial.

33.    By reason of the above-described acts and omissions of defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights.  By reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs Against Defendant Cook County

34.    Plaintiffs hereby incorporate and realleges Paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

35.    By reason of the Defendant's conduct Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted there under.

36.    The arbitrary intrusion by Defendant, into the security and privacy of Plaintiffs' was in violation of Plaintiffs' Constitutional Rights and not authorized by law.  The Defendant violated the Plaintiffs' rights in the following manner: Subjecting plaintiffs to the procedure without valid consent as part of a formal policy or custom was without legal cause.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiffs' rights.  Therefore, the Defendant is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

37.     The Defendants' formal policy or custom of subjecting inmates at Cook County Jail to the procedure without valid consent was the moving force behind the violation of plaintiffs' rights.

38.     Cook County is liable under 42 U.S.C. section 1983, pursuant to *Monell v. New Dept. of Social Services*, 436 U.S. 658 (1978).

## COUNT II
### Plaintiff Against Defendant SHERIFF OF COOK COUNTY for EXCESSIVE FORCE

39.     Plaintiffs hereby incorporate and realleges Paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

40.     By reason of the Defendant's conduct Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

41.     The arbitrary intrusion by Defendant, into the security and privacy of Plaintiffs' was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The Defendant violated the Plaintiffs' rights in the following manner: actively facilitating Cook County with subjecting plaintiffs to the procedure without valid and/or coerced consent as part of a formal policy or custom was without legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiffs' rights. Therefore, the Defendant is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

42.     The Defendants' formal policy or custom of subjecting inmates at Cook County Jail to the procedure without valid consent was the moving force behind the violation of plaintiffs' rights.

43.    Sheriff of Cook County is liable under 42 U.S.C. section 1983, pursuant to *Monell v. New Dept. of Social Services*, 436 U.S. 658 (1978).

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.    That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2.    That the Defendants be required to pay Plaintiffs' special damages;

3.    That the Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.    That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

5.    That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: _____
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: _____
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com